UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHEAL FULLER,

    Plaintiff,

v.                              CASE NO.:

COMENITY BANK,

    Defendant
_____/

## COMPLAINT

COMES NOW, Plaintiff, Micheal Fuller, by and through the undersigned counsel, and sues Defendant, COMENITY BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like COMENITY BANK from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Montgomery County, Tennessee), the violations described in this Complaint occurred in this District and the Defendant transacts business within Montgomery County, Tennessee.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Montgomery County, Tennessee.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, COMENITY BANK, is a corporation which was formed in Delaware with its principal place of business located at One Righter Parkway, Suite 100, Wilmington, DE 19803 and which conducts business in the State of Tennessee.

11. COMENITY BANK called Plaintiff approximately 250 times since August 1, 2015, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls COMENITY BANK made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (931) ***-1124, and was the called party and recipient of Defendant's calls.

14. Beginning on or about August 1, 2015, COMENITY BANK began bombarding Plaintiff's cellular telephone (931) ***-1124 in an attempt to collect a debt.

15. Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from

3

Case 3:16-cv-01846   Document 1   Filed 07/15/16   Page 3 of 7 PageID #: 3

approximately August 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. On or about August 2015 Plaintiff first requested that the calls to her cell phone cease. The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after August 2015 were done so after she had revoked consent.

18. Plaintiff is the regular user and carrier of the cellular telephone number (931) ***-1124 and was the called party and recipient of Defendant's auto dialer calls.

19. The auto dialer calls from Defendant came from the telephone numbers including but not limited to (720) 456-3681; (720) 456-3695; (720) 456-3696; (913) 312-3216; (614) 729-5606; (614) 754-4056; (614) 729-5607; (303) 255-5352; (614) 754-4059; (913) 312-3217; (303) 255-5351; (720) 456-3688; (614) 212-5287; (614) 212-5288; (913) 312-3280; (614) 754-4058; (720) 456-3687; (913) 563-5510; (720) 456-3689; (614) 729-6086; (614) 754-4055; (303) 255-5349; (614) 729-6090; (614) 754-4060; (720) 456-3684; (614) 754-4057; (720) 456-3685; (614) 214-5293; (913) 563-5511; (614) 212-5292; (913) 312-3223: (614) 534-2525; (614) 729-5608; (614) 729-6087 and (614) 729-5609.

20. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

21. The Plaintiff received an estimated two hundred (200) calls from the Defendant between the time she initially revoked her consent to be called in August 2015 and the filing of this law suit, and estimates dozens of other calls before that time period.

4

22. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly.

23. COMENITY BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

24. COMENITY BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or COMENITY BANK, to remove the number.

25. COMENITY BANK's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to COMENITY BANK they do not wish to be called.

26. COMENITY BANK has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. COMENITY BANK has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28. COMENITY BANK has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

29. COMENITY BANK's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from COMENITY BANK call list.

30. COMENITY BANK has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not one of COMENITY BANK's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. COMENITY BANK willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing the risk of personal injury due to distraction, and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

34. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35. COMENITY BANK willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified COMENITY BANK that Plaintiff wished for the calls to stop

36. COMENITY BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Mark Lambert*
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
Attorney for Plaintiff

7

Case 3:16-cv-01846   Document 1   Filed 07/15/16   Page 7 of 7 PageID #: 7